UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      vs.<br><br>ALAN M. LAIONE,<br><br>            Defendant. | CR. NO. 22-00016 LEK |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On March 18, 2022, Defendant Alan M. Laione ("Laione")
filed his motion seeking dismissal of the federal criminal
prosecution against him.  See Motion to Dismiss ("Motion"),
filed 3/18/22 (dkt. no. 11).  He argues that the delay between
his arrest and the filing of the indictment against him was so
lengthy that it violates his constitutional right to a speedy
trial and that dismissal of the criminal charges is thus
mandated.  Plaintiff United States of America ("the Government")
filed its opposition on April 8, 2022.  See Government's
Opposition to Defendant Alan M. Laione's Motion to Dismiss
("Mem. in Opp."), filed 4/8/22 (dkt. no. 17).[1]  Laione filed his

_____

[1] The Government filed a supporting declaration under seal.
[Ex Parte Motion, filed 4/8/22 (dkt. no. 18); EO, filed 4/8/22
(dkt. no. 19) (granting the Government's Ex Parte Motion).]  On
Laione's motion, this Court sealed the Government's memorandum
in opposition, in its entirety.  [Laione's Ex Parte Motion to
File Under Seal, filed under seal 4/12/22 (dkt. no. 20); Order
(. . . continued)

reply, under seal, on April 12, 2022.  See Laione's Reply to Government's Opposition to Defendant's Motion to Dismiss ("Reply"), filed under seal 4/12/22 (dkt. no. 118).

Although Laione's Motion to Dismiss is premised on the Sixth Amendment alone, the Court notes that his Motion to Dismiss is more properly based upon the Fifth Amendment to the United States Constitution because pre-indictment delay challenges are analyzed under the Due Process Clause of the Fifth Amendment.  Because Laione is unable to meet the heavy burden of proving actual prejudice under the two-prong test for determining whether pre-indictment delay has risen to the level of a denial of due process, his Motion to Dismiss is denied.

<u>**BACKGROUND**</u>

On February 17, 2022, Laione was indicted and charged with one count of conspiracy to distribute methamphetamine from at least sometime in 2002 and continuing to April 7, 2017, and with one count of possession with intent to distribute methamphetamine on or about April 7, 2017.  See Indictment, filed 2/17/22 (dkt. no. 1).  Laione contends that, according to the Government's discovery productions, he was arrested at the Honolulu International Airport on April 7, 2017, and drugs were seized upon his arrest.  See Motion at 2 n.1.  In the instant

───────────────

Granting *Ex Parte* Motion to File *Under Seal*, filed seal 4/12/22 (dkt. no. 21).]

Motion, he contends that the delay between his arrest in 2017 and the subsequent filing of the indictment in 2022, a period of approximately five years, violated his Sixth Amendment right to a speedy trial.  [Id. at 2.]

Laione initially appeared and entered his plea of not guilty to the Indictment on February 28, 2022.  See Minutes - EP: Telephonic Initial Appearance; Arraignment and Plea to the Indictment as to Defendant Alan M. Laione, filed 2/28/22 (dkt. no. 8).  The Government did not file a motion to detain Laione, and he was released on bail conditions.  [Id. at PageID #: 18.] At this initial appearance, jury trial was scheduled to commence on May 2, 2022.  [Id. at PageID #: 17.]

## STANDARDS

### I.   Post-Indictment Delay

> The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." A literal reading of the Amendment suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins.
>
> In United States v. Marion, 404 U.S. 307, 313 (1971), we held that the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused:
>
> > "On its face, the protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution.  These

3

> provisions would seem to afford no
> protection to those not yet accused, nor
> would they seem to require the Government to
> discover, investigate, and accuse any person
> within any particular period of time.  The
> Amendment would appear to guarantee to a
> criminal defendant that the Government will
> move with the dispatch that is appropriate
> to assure him an early and proper
> disposition of the charges against him."

> In addition to the period after indictment, the period
> between arrest and indictment must be considered in
> evaluating a Speedy Trial Clause claim.  Dillingham v.
> United States, 423 U.S. 64 (1975).  Although delay
> prior to arrest or indictment may give rise to a due
> process claim under the Fifth Amendment, see United
> States v. Lovasco, 431 U.S. 783, 788-789 (1977), or to
> a claim under any applicable statutes of limitations,
> no Sixth Amendment right to a speedy trial arises
> until charges are pending.

United States v. MacDonald, 456 U.S. 1, 6-7 (1982) (alterations

in MacDonald).

## II.  **Pre-Indictment Delay**

Pre-indictment delay is examined in the context of the

Fifth Amendment in that

> "[t]he Fifth Amendment guarantees that
> defendants will not be denied due process as a
> result of excessive pre-indictment delay."
> United States v. Sherlock, 962 F.2d 1349, 1353
> (9th Cir. 1989).  Generally, any delay between
> the commission of a crime and an indictment is
> limited by the statute of limitations.  United
> States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.
> 1992).  In some circumstances, however, "the Due
> Process Clause requires dismissal of an
> indictment brought within the [statute of]
> limitations period."  Id.

4

United States v. Corona-Verbera, 509 F.3d 1105, 1112 (9th Cir. 2007) (some alterations in Corona-Verbera).  This examination involves a two-part test:

> In order to succeed on his claim that he was denied due process because of pre-indictment delay, [the defendant] must satisfy both prongs of a two-part test.  First, he must prove "actual, non-speculative prejudice from the delay." Huntley, 976 F.2d at 1290.  Second, the length of the delay is weighed against the reasons for the delay, and [the defendant] must show that the delay "offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" Sherlock, 962 F.2d at 1353-54 (quoting United States v. Lovasco, 431 U.S. 783, 790, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977)).  The second prong of the test applies only if [the defendant] has demonstrated actual prejudice.  [United States v.] Barken, 412 F.3d [1131,] 1136 [(9th Cir. 2005)].  We have held that establishing prejudice is a "heavy burden" that is rarely met.  Huntley, 976 F.2d at 1290.  "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." United States v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995).  Consequently, [the defendant] must show both that lost testimony, witnesses, or evidence "meaningfully has impaired his ability to defend himself," and "[t]he proof must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to [his] case." Huntley, 976 F.2d at 1290.

Id. (some alterations in Corona-Verbera).

## DISCUSSION

## I.   Sixth Amendment Right to Speedy Trial

The length of time between the dates that the Indictment was filed and the scheduled commencement of Laione's

jury trial is within the clearly prescribed time statutorily mandated by 18 U.S.C. § 3161, the Speedy Trial Act, and thus there is no post-indictment delay.  Laione however contends that his Sixth Amendment right to a speedy trial has been violated because of pre-indictment delay for the period of almost five years between his initial arrest on April 7, 2017 and the filing of the Indictment on February 28, 2022.  Laione argues that this Court must apply a balancing test weighing the conduct of the Government and himself pursuant to United States v. Myers, 930 F.3d 1113 (9th Cir. 2019), and focus on four factors – length of delay; reason for delay; the defendant's assertion of his right to speedy trial; and prejudice to the defendant.  [Motion at 3.] Laione contends that this Court should conclude that the almost five-year delay is "presumptively prejudicial" and that the Government fails to "suggest any reason for such a lengthy delay between arrest and indictment."  [Id. at 4.]  Absent a sufficient explanation for this delay, Laione urges this Court to conclude that the delay was "a bad faith and deliberate attempt to delay trial in order to hamper the defense."  [Id. at 5 (citations and internal quotation marks omitted).]

"[T]he Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused[.]'"  United States v. Marion, 404 U.S. 307, 313 (1971).  The issue thus turns on **when** Laione became an "accused"

6

for purposes of his Sixth Amendment right to a speedy trial.

One becomes an accused when the government arrests and commences

prosecution:

> To legally arrest and detain, the Government must
> assert probable cause to believe the arrestee has
> committed a crime.  Arrest is a public act that
> may seriously interfere with the defendant's
> liberty, whether he is free on bail or not, and
> that may disrupt his employment, drain his
> financial resources, curtail his associations,
> subject him to public obloquy, and create anxiety
> in him, his family and his friends.  These
> considerations were substantial underpinnings for
> the decision in Klopfer v. North Carolina, [386
> U.S. 213 (1967)]; see also Smith v. Hooey, 393
> U.S. 374, 377—378 (1969).  So viewed, it is
> readily understandable that **it is either a formal
> indictment or information or else the actual
> restraints imposed by arrest and holding to
> answer a criminal charge that engage the
> particular protections of the speedy trial
> provision of the Sixth Amendment.**
>
> Invocation of the speedy trial provision
> thus need not await indictment, information, or
> other formal charge. . . .

Id. at 320—21 (emphasis added).  As the Government points out

(and Laione does not dispute), Laione was arrested, questioned

by law enforcement, and released; that is, he was not detained

or otherwise held following his initial arrest on April 7, 2017.

See Mem. in Opp. at 1—2, 5; id., Decl. of Honolulu Police

Detective Dayle Morita ("Morita Decl.") at ¶¶ f—l; id., Decl. of

Counsel ("Counsel Decl.") at ¶ 2.b.  An arrest without detention

or other restriction on liberty does not confer "accused"

status.  United States v. Loud Hawk, 474 U.S. 302, 312 (1986)

("[W]hen defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause." (citing MacDonald)).

After Loud Hawk, the Supreme Court subsequently noted that, "[o]nce triggered by arrest, indictment, or other official accusation, . . . the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that Barker [v. Wingo, 407 U.S. 514 (1972),] recognized." Doggett v. United States, 505 U.S. 647, 655 (1992) (citations omitted). While other district courts have interpreted this statement as signaling a retreat from the principle in Loud Hawk that is quoted in this Order, see United States v. Chiprez, No. CR-06-2121-RHW-1, 2010 WL 2985696, at *6 (E.D. Wash. July 26, 2010), this Court declines to do so. Doggett was not arrested until eight and a half years after his **indictment**. Doggett, 505 U.S. at 650. In other words, Doggett was formally accused of a crime during that time. Doggett is distinguishable from the instant case, in which Laione was stopped by law enforcement, arrested, and questioned, but then was **released**. Although approximately five years passed between that arrest and the indictment in the instant case, Laione was neither incarcerated nor was his liberty substantially restricted during that time. Thus, under the facts of this

case, Doggett does not preclude the application of the legal principle stated in Loud Hawk. Because Laione was arrested and released, he did not become an "accused" on April 7, 2017, and the time from April 7, 2017 to the filing of the Indictment on February 28, 2022 is not counted toward any Sixth Amendment Speedy Trial claim.

There is no basis to find a violation of Laione's Sixth Amendment right to a speedy trial for delay between his initial arrest and the filing of the formal criminal charges against him. For this reason, to the extent that Laione seeks dismissal for a violation of his Sixth Amendment right to a speedy trial based on pre-indictment delay for the approximately five-year period between the initial arrest and the filing of the Indictment, the Motion to Dismiss is denied.

## II. __Fifth Amendment Due Process Right Analysis__

There is, however, the issue of Laione's Fifth Amendment due process right governing pre-indictment delay; that is, the almost five years between Laione's arrest on April 7, 2017 and the filing of the Indictment on February 17, 2022. Exceptional circumstances may warrant the dismissal of an indictment because of lengthy pre-indictment delay pursuant to the Due Process Clause of the Fifth Amendment. United States v. Kato, 666 F. Supp. 1428, 1429 (D. Hawai`i 1987) (citing U.S. v. Lovasco, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977)).

To determine whether the pre-indictment delay here rises to the level of a denial of due process, the two-prong test recognized by the Ninth Circuit is examined. First, Laione must prove "actual prejudice" from the delay, and second, he must prove that the delay, "when balanced against the government's reasons for the delay, offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" United States v. Valentine, 783 F.2d 1413, 1416 (9th Cir. 1986) (citations omitted). In analyzing pre-indictment delay,

> "[w]e determine first whether a defendant suffers actual prejudice" and if so "we balance the length of the delay with the reasons for it" to determine if a due process violation occurred. [United States v.] Butz, 982 F.2d [1378,] 1380 [(9th Cir. 1993)]. Proof of prejudice must "be definite and not speculative. Courts apply the actual prejudice test stringently." Id. (citations omitted). The burden on [a defendant] to prove actual prejudice is a heavy one. United States v. Sherlock, 962 F.2d 1349, 1354 (9th Cir. 1989), cert. denied, [506] U.S. [958], 113 S. Ct. 419, 121 L. Ed. 2d 342 (1992). If [a defendant] fails to demonstrate actual prejudice, our inquiry ends. Butz, 982 F.2d at 1380.

United States v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995).

Laione must demonstrate actual prejudice and that "prejudice will inevitably be either the loss of witnesses and/or physical evidence or the impairment of their use, e. g., dimming of the witnesses' memory." See United States v. Mays, 549 F.2d 670, 677 (9th Cir. 1977). This "proof must be definite

and not speculative[,]" and Laione must "demonstrate how that loss is prejudicial to him." See id. To this end, Laione argues that "[a] five-year delay is lengthy enough to be 'presumptively prejudicial.'" [Motion at 5 (citing Myers, 930 F.3d at 1119).] He does not, however, present anything further (such as evidence that he is impaired by the passage of time from presenting witnesses or physical evidence). Laione therefore has not demonstrated he has been harmed directly by the pre-indictment delay, and thus his Motion to Dismiss is denied for failure to demonstrate actual prejudice. Because Laione fails demonstrate actual prejudice, this Court need not proceed to the second prong of the test. See Valentine, 783 F.2d at 1416.

## III. **Rule 48(b) Dismissal Analysis**

Although not explicitly raised by Laione, the Court, for the sake of completeness, addresses whether the Indictment should be dismissed pursuant to Federal Rule of Criminal Procedure 48(b):

> Federal Rule of Criminal Procedure 48(b), which has the force of law, authorizes dismissal of an indictment, information, or complaint "[i]f there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial . . . ." The rule clearly is limited to post-arrest situations.

<u>Marion</u>, 404 U.S. at 319.  "It is within the trial court's inherent power under Rule 48(b) to dismiss a case with prejudice for prosecutorial delay not amounting to a Sixth Amendment violation."  <u>United States v. Hattrup</u>, 763 F.2d 376, 377 (9th Cir. 1985).  However, Rule 48(b) dismissal should be done "'with caution, and only after a forewarning to prosecutors of the consequences.'"  <u>Id.</u> (quoting <u>United States v. Simmons</u>, 536 F.2d 827, 836 (9th Cir.), *cert. denied*, 429 U.S. 854, 97 S. Ct. 148, 50 L. Ed. 2d 130 (1976)).  In general, dismissal under Rule 48(b) is appropriate only where there is "delay that is 'purposeful and oppressive.'"  <u>United States v. Sears, Roebuck & Co.</u>, 877 F.2d 734, 739 (9th Cir. 1989) (citations and some quotation marks omitted).

Dismissal pursuant to Rule 48(b) is not warranted in this case because the record does not support a finding of prosecutorial misconduct and demonstrable prejudice or substantial evidence of prejudice to Laione.

## **CONCLUSION**

For the foregoing reasons, Laione's Motion to Dismiss, filed March 18, 2022, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 18, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. ALAN M. LAIONE; CV 22-00016 LEK; ORDER DENYING
DEFENDANT'S MOTION TO DISMISS